## HALL *v.* JORDAN.

On a bill to enforce a vendor's lien, where the vendee set up that the deed
which the complainant had given him was insufficiently stamped (which
fact if true would under an act of Congress prevent its being used in
evidence), the Supreme Court of a State, disregarding the objection, en-
forced the lien. The vendee brought the case here as within the 25th
section of the Judiciary Act. *Held,* that however frivolous the objec-
tion of the vendee, it raised a question under the section.

On motion to dismiss for want of jurisdiction; the case
being this:

Jordan, on the 1st November, 1866, sold a tract of land to
Hall and Conley; they paying him $6500 in gold and giving
him their obligation to pay him on the 25th December, 1867,
"an amount in the legal currency of the United States suffi-
cient to purchase $6890 of the present gold coin of the United
States." Jordan made them a deed accordingly, in which,
however, the consideration was stated to be " thirteen thou-
sand dollars" to the grantor then in hand paid, and the re-
ceipt of which the deed acknowledged.

An act of Congress of June 30th, 1864,* enacts that on
deeds of land there shall be a stamp of $1 for each $1000
of consideration-money, and fifty cents for every fraction of
the sum last named, and that no deed not properly stamped
shall be received in evidence. It makes provision for the
rectification of unintentional error on the subject.

The stamp on this deed was one of $13. The amount
sufficient to purchase $6890 of the then gold coin of the
United States not being paid to Jordan on the 25th of De-
cember, 1867 (gold coin being then about 32 per cent. above
currency), he filed a bill in one of the State courts of Ten-
nessee setting forth the fact of his sale, and appending a
copy of the deed with the $13 stamp, alleging that about
$8000 in currency value was still due and unpaid, praying
that his lien as vendor against the land be enforced, an ac-

---

* 15 Stat. at Large, 295.

count be taken, and the land sold. The defendant set up, among other defences, that Jordan was seeking to recover more than the amount of $13,000 and interest thereon, the original purchase-money, and more than the amount covered by the revenue stamps attached to the deed; and that if he was allowed to do so, the deed executed would be absolutely null and void, and convey no title to them, by reason of its being insufficiently stamped. And they prayed that if he was allowed to collect more than $13,000 in all, he should be compelled to execute a deed, sufficiently stamped to be valid and binding.

The court ordered the lien to be enforced, and that the vendor recover $8741 (an amount reported due by a master), and that sale should be in default of payment. The Supreme Court of the State affirmed this decree, and Hall and Conley appealed to this court under the assumption that they had set up a right under an act of Congress, and that it had been decided against; a state of things when a power of review by this court is given by the third paragraph of the Judiciary Act, quoted *supra*, p. 3.

*Mr. F. P. Stanton, in support of the motion:*

The question of stamp does not enter into the case. The suit was on the note, and not to set up and enforce the deed. The consideration expressed on the deed was $13,000, and the stamp was a proper one for that consideration. It was right *primâ facie* and sufficient to make the deed evidence.

The rule of law required vendees to pay for the stamps. They cannot hold the bond and refuse to pay the purchase-money on the pretence that an insufficient stamp was affixed. They can still, themselves, affix a proper stamp.

Moreover, *fraudulent intent* must be proved to destroy the validity of an unstamped instrument. But the vendees, plaintiffs in error, do not admit that they have been guilty of this fraud, nor do they charge it on Jordan, the vendor.

*Mr. J. H. Embry and Reverdy Johnson, contra.*

The CHIEF JUSTICE:

The defendant claimed that a deed offered in evidence was void, because the stamps upon it amounted only to $13 when they should have been $13.50. The court admitted the deed, although the act of Congress provided that no deed not properly stamped should be received in evidence. The decision was against the right claimed by the defendant under the act of Congress, and necessarily involved its construction.

However frivolous the objection, it undoubtedly raised a question under the 25th section of the Judiciary Act, the decision of which may be revised in this court upon a writ of error.

MOTION TO DISMISS DENIED.